PACIFIC SALVAGE, LTD., Plaintiff,

v.

AMERICAN SAMOA GOVERNMENT, Defendant.

High Court of American Samoa
Trial Division

CA No. 64-83

June 9, 1983

GARDNER, Chief Justice.

Salvage Pacific, Ltd. (hereafter "Salvage"), a Fijian Corporation, came to American Samoa pursuant to an agreement with Korea Wonyang Fisheries Co. (hereafter "Wonyang") to re-float one of the latter's sunken vessels in exchange for $90,000.00.  On 20 May 1983, the tax division of the Government of American Samoa unilaterally completed a tax form on behalf of Salvage which set the Company's tax liability for that income at $17,110.00.  Three

days later, a statement of tax due and a notice of tax lien was transmitted to Salvage by the tax division. Also on 23 May 1983, the Attorney General informed Wonyang of its obligation to withold a stated portion of its payment to Salvage to cover tax liability resulting from the business venture. As a result Wonyang has witheld $17,110.00 of the $90,000.00 contract price. Salvage brings this action to set aside the tax lien and release the money which has been witheld.

By virtue of ASCA section 11.0403, the Territory has adopted the Internal Revenue Code of 1954 as the controlling tax law. 1954 IRC Section 882, "Tax on income of foreign corporations connected with United States business," controls the tax liability in this case. Section 882(a)(1) provides for taxation in accordance with Section 11 or 1201. Section 6072 provides that the return must be filed, in the case of foreign corporations, within 6 months and 15 days after the taxable year in which the income accrued. Obviously, Salvage need not file a return with respect to income earned from its present agreement with Wonyang for quite some time. The tax assessment and lien process begun by the tax divison is thus premature. That does not mean, however, that witholding is improper.

1954 IRC Section 1442(a) authorizes witholding at the source of 30% of the income earned in the United States by a foreign corporation. The items of income subject to the witholding and the manner in which it is witheld is controlled by Section 1441. Section 1441 imposes a duty upon the payor to retain, in most cases, 30% of the income payable. Section 1461 provides that the witholding agent (employer) is actually liable for the taxes owed by the taxpayer (employee). The failure to retain a portion of the taxpayer's income, moreover, does not excuse the witholding agent from liability for the taxes (See Reg. Section 1.1461-2(e)).

The amount of income which has been retained by the witholding agent must be periodically reported to the taxing authority on form 1042 or one of its variations (Reg. 1.1461-2). IRC Section 6302(c), and specifically the regulations thereunder, require that the money retained be deposited in an appropriately authorized bank account. It is thus incumbent upon employers of foreign services not only to withold income, but to periodically report and deposit the retained sum as well. The sum which has been witheld in this case is within the 30% witholding authorized by the tax code. The burden of demonstrating the applicability of sections that eliminate the witholding or reduce the amount withheld is upon the taxpayer. Accordingly, notwithstanding that the lien assertedly imposed upon the witheld money in this case is premature (See 1954 IRC Section 6072), the money must nevertheless be retained pursuant to 1954 IRC Section 1442(a) because Salvage has provided no basis for a contrary conclusion.

More than mere witholding is required by law, however. The Tax Division of the American Samoa Government must take such measures as are necessary to enable Wonyang, and others similarly situated, to meet their obligation to report and deposit the income witheld. Further, the witholding, reporting, and deposit requirements should be publicized. In passing, we note that the tax division should also refrain from untimely tax collection proceedings.